UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARAKAA BERTRAND | : | |
| | : | |
| Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-cv-01128-WWE |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | September 4, 2015 |
| Defendant | : | |

### REPORT OF PARTIES' PLANNING CONFERENCE

Date Complaint Filed:            July 23, 2015
Date Complaint Served:           August 5, 2015
Date of Defendant's Appearance:  July 30, 2015

Pursuant to Fed. R. Civ. P. 16(b), 26(f) and D. Conn. L. Civ. R. 16, a conference was held on August 31, 2015.  The participants were:

**Counsel for plaintiff, Tarakaa Bertrand:**

Barbara J. Collins, Esq.              Milo Silberstein, Esq.
Law Offices of Barbara Collins        Dealy Silberstein & Braverman, LLP
557 Prospect Avenue                   225 Broadway, Suite 1405
Hartford, CT 06105                    New York, NY 10007
Telephone:  (860) 570-4627            Telephone:  (212) 385-0066
Fax:  (860) 920-5187                  Fax:  (212) 385-2117
barbarajcollins@gmail.com             msilberstein@dsblawny.com

**Counsel for defendant, Yale University:**

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road, Suite 306
Guilford, CT  06437
Telephone:  203-458-9168
Fax:  203-458-4424
pnoonan@ddnctlaw.com

## I. CERTIFICATION

Undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in conjunction with their clients, have developed the following proposed case management plan. Counsel further certify that they have forwarded a copy of this report to their clients.

## II. JURISDICTION

### A. Subject Matter Jurisdiction.

This Court has subject matter jurisdiction over the plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1).

### B. PERSONAL JURISDICTION.

The parties stipulate that they are subject to the personal jurisdiction of this Court.

## III. BRIEF DESCRIPTION OF THE CASE

### A. Claims of Plaintiff:

Plaintiff alleges that Yale University breached plaintiff's July 9, 2014 Employment Agreement by terminating the plaintiff without cause and violated the implied covenant of good faith and fair dealing.

### B. Defense and Claims of Defendant:

Yale University denies it breached plaintiff's contract and violated the implied covenant of good faith and fair dealing.

IV. **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. The plaintiff was hired as Head Coach of Yale University's Women's Tennis Team commencing on July 1, 2014.

2. The plaintiff was terminated on April 15, 2015.

V. **CASE MANAGEMENT PLAN**

A. **Standing Order on Scheduling in Civil Cases.**

The parties do not request modification of the deadlines in the Standing Order on Scheduling in Civil Cases at this time, but reserve the right to do so if deemed necessary.

B. **Scheduling Conference with the Court.**

The parties do not request a pretrial conference with the Court before entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b).

C. **Early Settlement Conference.**

1. The parties certify that they have considered the desirability of attempting to settle the case before undertaking significant discovery or motion practice. Settlement is unlikely at this time.

2. The parties do not request an early settlement conference.

3. When a settlement conference is held, the parties prefer a settlement conference with a magistrate judge.

    4. The parties do not request a referral for alternative dispute resolution pursuant to D. Conn. L. Civ. R. 16.

  **D.** **Joinder of Parties and Amendment of Pleadings.**

    1. The plaintiff should be allowed until September 21, 2015 to file motions to join additional parties and until September 21, 2015 to file motions to amend the pleadings.

    2. Yale University should be allowed until October 15, 2015 to file motions to join additional parties.

    3. Yale University should be allowed until October 23, 2015 to file motions to dismiss or to answer the complaint.

  **E.** **Discovery.**

    1. The parties anticipate that discovery will be needed as to the plaintiff's allegations that Yale University breached plaintiff's Employment Agreement by terminating her employment on April 15, 2015 and the plaintiff's damages.

    2. All discovery, including deposition of expert witnesses pursuant to Fed. R. Civ. P. 26(b)(4), will be commenced by September 30, 2015 and completed (not propounded) by July 29, 2016.

    3. Discovery will not be conducted in phases.

    4. Discovery will be completed no later than July 29, 2016.

    5. The parties anticipate that the plaintiff will require a total of ten (10) depositions of fact witnesses and that Yale University will require a total of ten (10) depositions of fact witnesses. The depositions will commence by September 30, 2015 and will be completed by July 29, 2016.

6. The parties do not anticipate requesting permission to serve more than 25 interrogatories.

7. Plaintiff may call expert witnesses at trial. Plaintiff will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by December 31, 2015.  Depositions of any such experts will be completed by March  29, 2016.

8. Yale University may call expert witnesses at trial. Defendants will designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed. R. Civ. P. 26(a)(2) by April 29 , 2016.  Depositions of any such experts will be completed by July 29, 2016.

9. A damages analysis will be provided by any party who has a claim or counterclaim of damages by October 15, 2015.

10. Undersigned counsel have discussed discovery procedures that minimize the risk of waiver of privilege or work-product protection, including procedures for asserting claims of privilege after production.  The parties agree to the following procedures for asserting claims of privilege after production: if any information that is privileged or subject to work-product protection is disclosed, the party to whom it is disclosed will notify opposing counsel and opposing counsel will have 30 days to assert the privilege and seek return of the information.  The party to whom the information is disclosed agrees not to review the information after recognizing that a privilege or work-product protection applies and further not to duplicate the information or further disclose it.

### F.     Dispositive Motions.

Dispositive motions will be filed not later than October 31, 2016.

### G.     Joint Trial Memorandum.

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be submitted within 45 days of the ruling on dispositive motions, should such motions be filed, or within 45 days after the parties notify one another that dispositive motions will not be filed.

## VI.    TRIAL READINESS

The case will be ready for trial within 30 days of the filing of a joint trial memorandum.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

        THE PLAINTIFF
        TARAKAA BERTRAND

BY:___/s/_____
        Barbara J. Collins, Esq.
        Law Offices of Barbara Collins
        557 Prospect Avenue
        Hartford, CT 06105
        (860) 570-4627


      ___/s/_____
        Milo Silberstein, Esq.
        Dealy Silberstein & Braverman, LLP
        225 Broadway, Suite 1405
        New York, NY 10007
        (212) 385-0066

                          THE DEFENDANT
                          YALE UNIVERSITY

BY: /s/
     Patrick M. Noonan
     Donahue, Durham & Noonan, P.C.
     741 Boston Post Road
     Guilford, CT 06437
     (203) 458-9168