UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARAKAA BERTRAND | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-cv-01128-WWE |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
|     Defendant | : | OCTOBER 5, 2015 |

## ANSWER

Defendant Yale University answers plaintiff's complaint dated July 22, 2015, as follows:

## PARTIES

1. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 and therefore leaves the plaintiff to her proof.

2. Paragraph 2 is admitted.

3. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 3 and therefore leaves the plaintiff to her proof.

4. It is admitted that plaintiff was employed as the Head Women's Tennis Coach at St. John's University until July, 2014 when she became Head Women's Tennis Coach at Yale University.

5-7. With respect to Paragraphs 5 through 7 of the complaint, defendant refers to the Employment Agreement for the contents thereof.

8. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and therefore leaves the plaintiff to her proof.

9-11. With respect to Paragraphs 9 through 11 of the complaint, defendant refers to the Employment Agreement for the contents thereof.

12. Paragraph 12 is admitted.

13. With respect to Paragraph 13 of the complaint, defendant refers to the termination letter for the contents thereof.

14-18. Paragraphs 14 through 18 are denied.

19. Defendant denies knowledge or information as to the exact dates for the plaintiff's NCAA violations, but notes that the plaintiff's termination occurred less than a week after the violations became known to the Athletic Director.

20. The allegations contained in Paragraph 20 are denied, except that Matej Zlatkovic was appointed as the Interim Head Women's Tennis Coach upon the plaintiff's termination.

21. Paragraph 21 is denied.

22. With respect to Paragraph 22 of the complaint, defendant refers to the Employment Agreement for the contents thereof, and denies that the plaintiff is entitled to any compensation.

COUNT ONE – BREACH OF CONTRACT

23. The answers to Paragraphs 1 through 22 are hereby made the answer to Paragraph 23.

24. Paragraph 24 is admitted.

25-29. Paragraphs 25 through 29 are denied.

COUNT TWO – BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

30. The answers to Paragraphs 1 through 29 are hereby made the answer to Paragraph 30.

31. Since Paragraph 31 does nothing more than state a legal conclusion, no response is required.

32. The defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and therefore leaves the plaintiff to her proof.

33. Defendant denies that it knew of the plaintiff's state of mind at the time the Employment Agreement was executed.

34. Paragraph 34 states a legal conclusion to which no response is required.

35-36. Paragraphs 35 and 36 are denied.

                                               THE DEFENDANT
                                               YALE UNIVERSITY

                                   BY:___/s/ Patrick M. Noonan  (#ct00189)___
                                           Patrick M. Noonan
                                           Donahue, Durham & Noonan, P.C.
                                           741 Boston Post Road
                                           Guilford, CT 06437
                                           (203) 458-9168


## **CERTIFICATION**

     I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.  Parties may access this filing through the court's CM/ECF System.


                                                     _____/s/_____
                                                         Patrick M. Noonan