UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TARAKAA BERTRAND | : | |
| | : | |
|     Plaintiff | : | CIVIL ACTION NO.: |
| | : | 3:15-cv-01128-WWE |
| vs. | : | |
| | : | |
| YALE UNIVERSITY | : | |
| | : | |
|     Defendant | : | APRIL 7, 2016 |

**OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS**

The plaintiff has moved to compel the defendant to produce "all documents referring or relating to any secondary violation by a Yale coach or assistant coach of Yale, NCAA and/or the Ivy League rules, during the period from January 1, 2010 to June 30, 2015, and the treatment meted out for each violation." The defendant hereby opposes the motion to compel on the grounds that the production sought is irrelevant to the plaintiff's claims in this case and is protected from disclosure by Conn. Gen. Stat. § 31-128f.

**I.      The Requested Documents are Irrelevant to the Plaintiff's Claims.**

Rule 26(b)(1) of the Federal Rules of Civil Procedure allows "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Under Rule 401 of the Federal Rules of Evidence, "[e]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." In her July 22, 2015 complaint, the plaintiff asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing in

connection with the termination of her employment. Thus, the only issues to be determined are the terms of the plaintiff's employment contract and whether the defendant breached those terms when it terminated the plaintiff. Whether or not other coaches and assistant coaches were terminated for secondary violations of Yale, NCAA and/or the Ivy League rules is irrelevant to those issues. These documents might be relevant in a discrimination action, but there is no discrimination claim in the present case.

The plaintiff believes that other coaches employed by the defendant committed secondary violations, but were not terminated, and contends that her termination based upon secondary NCAA violations constitutes grossly disproportionate treatment. In hopes of establishing the truth of her belief, the plaintiff seeks discovery of documents referring or relating to any secondary violation by a Yale coach or assistant coach of Yale, NCAA and/or the Ivy League rules, during the period from January 1, 2010 to June 30, 2015, and the treatment meted out for each violation. She claims that such documents will confirm whether other coaches were disciplined similarly to the plaintiff for committing similar violations and, if the coaches were not terminated, will support the plaintiff's argument that the defendant's stated basis for terminating her was pretextual and did not constitute "cause" under the employment contract. (Pl.'s Memo. of Law in Supp. of Mot. to Compel Def. to Produce Documents, at p. 4.)

The plaintiff cites Ferguson v. TD Bank, N.A., 268 F.R.D. 153, 159 (D.Conn. 2010), quoting Rodriguez-Cuervos v. Wal-Mart Stores, Inc., 181 F.3d 15, 21 (1st Cir. 1999), in support of her argument that the requested documents are relevant, and thus discoverable. The

plaintiff in Ferguson asserted a claim for disparate treatment and the plaintiff in Rodriguez-Cuervos asserted claims of race and national origin discrimination in violation of Title VII and 42 U.S.C. § 1981.  While the present plaintiff argues that the defendant's reason for terminating the plaintiff was pretextual, she has not brought a discrimination claim.  Instead, she only asserts claims for breach of contract and breach of the implied covenant of good faith and fair dealing.  Whether or not other coaches were terminated for conduct similar to that of the plaintiff is of no consequence in determining the issue of whether the plaintiff was terminated for cause under the terms of her employment contract.  Therefore, the plaintiff's motion to compel should be denied.

## II.     The Requested Documents are Protected from Disclosure by Conn. Gen. Stat. § 31-128f.

The plaintiff's motion to compel should also be denied because the requested documents are protected from disclosure under Conn. Gen. Stat. § 31-128f.  That statute prohibits the disclosure of information contained in employees' personnel files without the written authorization of the employee, except in certain circumstances which are not applicable in this case.  The plaintiff has not produced any authorizations permitting the defendant to disclose information contained in its employees' personnel files.  Therefore, the defendant is prohibited under Conn. Gen. Stat. § 31-128f from disclosing the requested documents and the plaintiff's motion to compel should be denied.

## CONCLUSION

Since the requested documents are irrelevant to the plaintiff's claims and are protected from disclosure by Conn. Gen. Stat. § 31-128f, the plaintiff's motion to compel should be denied.

THE DEFENDANT
YALE UNIVERSITY


BY:   /s/ Patrick M. Noonan  (#ct00189)
Patrick M. Noonan
Colleen Noonan Davis (#ct27773)
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437
(203) 458-9168

## CERTIFICATION

I hereby certify that, on the above-written date, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF System.

_____/s/_____
Patrick M. Noonan
