UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

TARAKAA BERTRAND           :
                           :
    Plaintiff              :       CIVIL ACTION NO.:
                           :       3:15-cv-01128-WWE
vs.                        :
                           :
YALE UNIVERSITY            :
                           :
    Defendant              :

## PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS

DEALY SILBERSTEIN
& BRAVERMAN, LLP
Milo Silberstein, Esq.
*Attorneys for Plaintiff Tarakaa Bertrand*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066

## TABLE OF CONTENTS

**TABLE OF CONTENTS**..................................................................................i

**TABLE OF AUTHORITIES**..........................................................................ii

**PRELIMINARY STATEMENT**....................................................................1

**ARGUMENT**.................................................................................................1

    I.    **Plaintiff's Discovery Request is Relevant to Her Claims Addressed in the Complaint**..................................................1

    II.    **Plaintiff's Requested Documents Fall Under an Exception to Conn. Gen. Stat. § 31-128f**............................................2

**CONCLUSION**..............................................................................................4

## TABLE OF AUTHORITIES

**Cases:**

*Chamberlain v. Farmington Savings Bank,*
247 F.R.D. 288 (D. Conn. 2007)..................................................................................2

*Cost Mgmt. Incentives, Inc. v. Theradex Systems, Inc.,*
2007 WL 906165 (D. Conn. 2007)...........................................................................1, 3

*Gibbs v. American School for the Deaf,*
2007 WL 1079992 (D. Conn. 2007)............................................................................2

*Oppenheimer Fund, Inc. v. Sanders,*
437 U.S. 340 (1978)..................................................................................................1, 2

**Statutes:**

Conn. Gen. Stat. § 31-128f............................................................................................2

Conn. Gen. Stat. § 31-128f(2).......................................................................................2

## PRELIMINARY STATEMENT

Plaintiff Tarakaa Bertrand ("Plaintiff" and/or "Bertrand") submits this Reply Memorandum of Law in Further Support of Her Motion to Compel Defendant Yale University ("Defendant" and/or "Yale") to Produce Documents. As stated more fully below, Plaintiff's Motion to Compel should be granted for the following reasons:

1. Plaintiff's discovery request is relevant, as the documents requested will assist in determining whether Defendant, in good faith, terminated Plaintiff for "cause" pursuant to the employment agreement between Plaintiff and Defendant (the "Agreement"); and

2. Plaintiff's requested documents fall within an exception to Conn. Gen. Stat. § 31-128f, which allows for employees' personnel documents to be disclosed when said documents are relevant to allegations in a lawsuit. *See Cost Mgmt. Incentives, Inc. v. Theradex Systems, Inc.*, 2007 WL 906165, *1 (D. Conn. 2007).

## ARGUMENT

### I. Plaintiff's Discovery Request is Relevant to Her Claims Addressed in the Complaint

Defendant erroneously argues that documents pertaining to other secondary violations committed by coaches and assistant coaches are of "no consequence in determining the issue of whether the plaintiff was terminated for cause." (Def.'s Opp. to Pl.'s Mot. to Compel Def. to Produce Documents, 3).

The documents requested during discovery must encompass any matter that bears on, or could lead to any matter that bears on, any issue related to the action. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). In the Complaint, Plaintiff alleges that Yale breached the Agreement by terminating her without cause because, *inter alia*, other coaches and assistant coaches who worked or continue to work for Defendant were not terminated for committing the

1

same or similar secondary NCAA violations. Based upon this allegation, Plaintiff requested documents regarding said secondary NCAA violations because those documents will assist Plaintiff in (1) determining whether Defendant acted in good faith when it terminated Plaintiff; and (2) whether the reasons cited by Defendant for Plaintiff's termination constituted "cause" pursuant to the Agreement. Clearly, documents showing how Defendant treated other coaches and assistant coaches who committed secondary NCAA violations bears on a matter that relates to Plaintiff's allegation. *See Oppenheimer*, 437 U.S. at 351. Based upon the foregoing, Plaintiff's request is relevant to her claims for breach of contract and breach of the implied covenant of good faith and fair dealing.

## II. Plaintiff's Requested Documents Fall Under an Exception to Conn. Gen. Stat. § 31-128f

Defendant erroneously argues that Plaintiff's request is invalid because the subject documents are protected from disclosure under Conn. Gen. Stat. § 31-128f. (Def.'s Opp. to Pl.'s Mot. to Compel Def. to Produce Documents, 3). The Connecticut Personnel Files Act generally requires an employee's written consent to release information from his or her personnel file. *See* Conn. Gen. Stat. § 31-128f. However, written consent is not necessary when a personnel file is disclosed "pursuant to a lawfully issued administrative summons or judicial order, including a search warrant or subpoena, or in response to . . . the investigation or defense of personnel-related complaints against the employer." *See* Conn. Gen. Stat. § 31-128f(2).

This Court has consistently ruled that, when personnel files are "necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f." *Gibbs v. American School for the Deaf*, 2007 WL 1079992, *1 (D. Conn. 2007); *see Chamberlain v. Farmington Savings Bank*, 247 F.R.D. 288, 291 (D. Conn. 2007)(finding that documents conveying "comparative information" of employees were necessary for the plaintiff

2

to demonstrate the pretextual nature of the defendant's actions); *see also Cost.*, 2007 WL at *1 (stating that judges in this district have compelled the production of personnel files of other employees without written consent when "the documents in question were relevant to the claims in the suit").

This matter falls within the exception to the general rule. As aforementioned, Plaintiff's request for documents pertaining to Defendant's treatment of coaches and assistant coaches who committed secondary NCAA violations is relevant to Plaintiff's claims in this action. In addition to the foregoing, any privacy concerns Defendant has with respect to these documents can easily be addressed by a confidentiality agreement. On November 25, 2015, Plaintiff sent a proposed Confidentiality Stipulation, together with a letter responding to Defendant's objections to Plaintiff's discovery requests, copies of which are collectively annexed hereto as Exhibit "A". The proposed Confidentiality Stipulation provides that, *inter alia,* any documents produced regarding an employee's personnel file would be subject to and governed by the Confidentiality Stipulation. However, Defendant never even bothered to respond to Plaintiff's proposed Confidentiality Stipulation. Based upon the foregoing, Plaintiff's request outweighs any potential privacy concerns Defendant has. Accordingly, the documents related to the secondary NCAA violations fall within an exception to Conn. Gen. Stat. § 31-128f.

Furthermore, Defendant's contention that producing said documents would invade the privacy of Defendant's employees is inconsistent with its course of conduct during this action. In this regard, Defendant has produced a plethora of emails regarding an assistant coach's immigration and marital status in the United States in the absence of an executed Confidentiality Agreement, all the while disingenuously maintaining that documents regarding the treatment of coaches or assistant coaches who committed secondary NCAA violations are too private to

3

disclose, and therefore protected pursuant to Conn. Gen. Stat. § 31-128f. Thus, Defendant is selectively seeking to enforce Conn. Gen. Stat. § 31-128f to its strategic advantage in this action, which should not be countenanced by the Court.

## CONCLUSION

Based upon the foregoing, Plaintiff requests that the Court compel Defendant to produce the aforementioned documents, grant Plaintiff reasonable attorneys' fees and any other such relief as the Court deems just and proper.

Dated: New York, New York
April 21, 2016

Respectfully submitted,

DEALY SILBERSTEIN
& BRAVERMAN, LLP

By: _____
Milo Silberstein
*Attorneys for Plaintiff Tarakaa Bertrand*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066

Barbara J. Collins
Law Office of Barbara J. Collins
557 Prospect Avenue, Floor 1
Hartford, Connecticut 06105

4

## CERTIFICATION

I hereby certify that, on the above-written date, the foregoing Reply Memorandum of Law in Further Support of Plaintiff's Motion to Compel Defendant to Produce Documents was filed electronically. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing, as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's system.

_____
Milo Silberstein

# EXHIBIT A



# Dealy Silberstein & Braverman, LLP

225 Broadway, Suite 1405
New York, New York 10007
T: (212) 385 0066  F: (212) 385 2117
www.dsblawny.com

William J. Dealy (1946-2012)
Milo Silberstein
Marc D. Braverman
Laurence J. Lebowitz

Winsome Taik*
Maria Louisa Bianco
Amanda E. Maguire

Jack Weinberg
Of Counsel
*Also admitted in NJ

November 25, 2015

**VIA ELECTRONIC MAIL**

Patrick M. Noonan, Esq.
Donahue, Durham & Noonan, P.C.
741 Boston Post Road
Guilford, CT 06437

    Re: **Tarakaa Bertrand v. Yale University**
       **D. Conn. Civil Action No. 15-CV-01128**

Dear Mr. Noonan:

  Reference is made to your letter dated November 19, 2015 (copy enclosed). I write to address Plaintiff's Objections to Defendant's Discovery Requests, Defendant's remaining Objections to Plaintiff's Discovery Requests, and to determine if we have reached impasse.

A. <u>Defendant's Objections to Plaintiff's Discovery Requests</u>

  Regarding Plaintiff's Requests for Production Nos. 26, 27, and 30 through 47, Plaintiff reiterates her position that she is willing to enter into an appropriate confidentiality agreement that would protect any privacy interest in responsive documents contained in personnel or student files. Attached is a proposed confidentiality agreement.

  Regarding Plaintiff's Requests for Production Nos. 20, 24, 25, and 29, Plaintiff reiterates her position that Defendant's treatment of other coaches or assistant coaches is directly relevant to the issue in this case, *to wit*, whether Defendant had "cause" to terminate Plaintiff. Additionally, Plaintiff reiterates her position that any privacy concerns could and would be addressed by entering into the proposed confidentiality agreement.

  Accordingly, Plaintiff reiterates her Requests for Production Nos. 20, 24, 25, 26, 27, 29 and 30 through 47.

Plaintiff is principally concerned with documents relating to Defendants' treatment of other coaches and assistant coaches who committed secondary violations. If we are able to reach an agreement regarding those responsive documents, Plaintiff would be willing to consider withdrawing Request for Production 29.

B.   <u>Plaintiff's Objections to Defendant's Discovery Requests</u>

With regard to Interrogatory No. 7 and Requests for Productions Nos. 7 and 8, Plaintiff continues to object on the grounds that these requests are not reasonably calculated to lead to the discovery of admissible evidence. Notwithstanding said objections and without waiving them, Plaintiff will provide responsive non-privileged documents and information in her possession, custody and control.

For the reasons set forth herein, we request that Defendant respond to these Interrogatories and Document Requests by December 4, 2015.

We raise the foregoing issues regarding Defendant's objections to Plaintiff's discovery requests without waiving our rights to raise additional objections in the future.

If we have reached impasse on any of these issues please advise me so that we can raise them with the Court.

Nothing contained herein shall constitute a waiver of Plaintiff's rights in this matter, all of which are expressly reserved.

Sincerely,

Milo Silberstein

MS/mlb
Enclosure
cc:   Ms. Tarakaa Bertrand

2

# DONAHUE, DURHAM & NOONAN, P.C.

Patrick M. Noonan
pnoonan@ddnctlaw.com

Concept Park
741 Boston Post Road
Suite 306
Guilford, CT 06437
Tel (203) 458-9168
Fax (203) 458-4424

November 19, 2015

**VIA EMAIL**
msilberstein@dsblawny.com

Milo Silberstein, Esq.
Dealy, Silberstein & Braverman, LLP
225 Broadway, Suite 1405
New York, NY 10007

Re:   <u>Bertrand v. Yale University</u>

Dear Attorney Silberstein:

Thank you for your November 12, 2015 letter. This letter will serve as a repsonse to your concerns regarding the defendant's objections to the plaintiff's discovery requests, as well as an attempt to resolve the plaintiff's objections to the defendant's discovery requests.

A.   <u>Defendant's Objections to Plaintiff's Discovery Requests</u>

With regard to Interrogatories Nos. 11-13, the defendant agrees to identify the individuals employed by Yale University who assisted in answering the plaintiff's discovery requests. Questions concerning the details of their assistance, including their role and search for documents, are better answered in a deposition.

With regard to Interrogatory No. 14, the defendant agrees to respond to the newly proposed interrogatory as stated in your November 12, 2015 letter: "Identify each custodian of documents, records and/or files relating to Ms. Bertrand's employment at Yale."

With regard to Requests for Production Nos. 3 and 4, the defendant agrees to supply all non-privileged documents, if any, relating to the negotiation of the contract between the plaintiff and the defendant, as well as all documents relating to discussions with the plaintiff before the execution of said contract.

In response to Requests for Production Nos. 26, 27, and 30 through 47, the defendant will produce responsive, non-privileged documents. However, the defendant will not produce

DONAHUE, DURHAM & NOONAN, P.C.
PAGE 2

documents contained in personnel or student files, as such documents are confidential and employment records are protected from disclosure by Conn. Gen. Stat. § 31-128f.

The defendant stands on its objections to Requests for Production Nos. 20, 24, 25, and 29. The only claims brought by the plaintiff are breach of contract and breach of the implied covenant of good faith and fair dealing. Whether the defendant treated the plaintiff differently than other coaches or assistant coaches is irrelevant to those claims. Moreover, the defendant disagrees that Conn. Gen. Stat. § 31-128(f)(2) allows disclosure of documents from other employees' personnel files because those employees have not brought claims against the defendant in this case.

### B. Plaintiff's Objections to Defendant's Discovery Requests

The plaintiff objected to Interrogatory No. 2 and Requests for Production Nos. 7 and 8 because Section E of the contract at issue provides: "Should the University choose to terminate this contract for any reason other than 'For Cause', you shall be entitled to full pay and benefits for the remaining portion of the Term of Agreement (and any extension of same) and one month additional severance for each year of service." However, that section of the contract also provides: "In the event of a termination 'For Cause', you will no longer be entitled to pay and benefits under this contract." While I understand that it is the plaintiff's position that she was not terminated for cause, the termination letter states the opposite. The plaintiff is required to mitigate her damages, and the defendant is entitled to information regarding her efforts to obtain employment, any employment obtained, and any wages earned subsequent to her termination by the defendant. Therefore, please provide the information requested in Interrogatory No. 2 and Requests for Production Nos. 7 and 8.

As to Request for Production No. 2, the communications between the plaintiff and defendant are relevant to this action. The defendant will agree to narrow the request to the following: "Please provide a copy of each document which refers or relates, directly or indirectly, to any communication between you and the defendant regarding your employment with the defendant and the performance of your job duties."

With regard to the plaintiff's objections to Interrogatories Nos. 5, 6, and 7 and Requests for Production Nos. 4 and 6, I interpret the objections to indicate that the requested information will be provided. Please correct me if this is inaccurate.

I look forward to receiving compliance with our discovery requests. If you have any further questions, please call me at your convenience.

Very truly yours,

/s/

Patrick M. Noonan

PMN/cd

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

TARAKAA BERTRAND,            CIVIL ACTION NO. 15-CV-01128

    Plaintiff,                    **CONFIDENTIALITY STIPULATION**

v.

YALE UNIVERSITY,

    Defendant.

       Pursuant to Fed.R.Civ.P. Rule 26(c), the Court hereby enters this Protective Order governing the disclosure, handling and disposition of "Confidential Information" in this action as follows:

### Categories of Protected Information

    1. The following categories of information produced or received by a party in discovery will be designated and treated as "Confidential" in this litigation:

         a. Social Security numbers, financial account numbers, credit card numbers, mother's maiden name, passwords, driver's license numbers or state identification numbers, dates of birth;

         b. Documents contained in personnel and student files;

         c. Medical, health care and mental health records and information; and

         d. Trade-secrets, proprietary or confidential business information that the producing party believes in good faith should be treated confidential.

    2. A party producing documents in discovery or otherwise providing discovery that contains information described in Paragraph 1 above that the party believes, in good faith, should be treated as confidential in this litigation, may designate information contained within the discovery as "Confidential" as follows:

         a. A party producing documents or other tangible items in discovery that contain confidential information described in Paragraph 1 may designate such information as confidential by placing a legend stating "Confidential" on the document;

1

    b. A party wishing to designate a portion of any deposition testimony, including the transcript or recording of such testimony, as "Confidential" may do so by so stating on the record or by sending a letter to counsel of record within ten (10) days after the transcript is delivered to the party. The party must simultaneously specify what information is deemed "Confidential'" and set forth one or more of the bases enumerated in Paragraph 1 for the "Confidential" designation;

    c. Only the specific information identified as "Confidential" will be deemed confidential.

3. Information that has been designated as "Confidential'" under Paragraph 1 must be treated as confidential by the parties and used only for the purposes of this litigation.

4. Information designated as "Confidential" under Paragraph 1 may only be disclosed by the parties receiving such information to:

    a. Attorneys for the parties and those attorneys' legal, paralegal, secretarial, intern and clerical staff;

    b. The parties, including but not limited to the officers or managers of a party, outside accountants and auditors; and

    c. expert (testifying and consulting) witnesses who have a need to know the information for purposes of this litigation;

    d. the Court (including the Clerk's office, stenographic reporters and videographers engaged in such proceedings as are necessary).

5. All persons to whom confidential material is disclosed pursuant to this Order will be bound by this Order. It will be the responsibility of counsel for each party to this action to ensure that persons authorized to receive confidential material pursuant to this Order have knowledge of the terms of this Order and agree to be bound by them. Any persons breaching the provisions of this Order are subject to the contempt powers or this Court.

## Dispute of Confidential Designation

6. At any time, the party receiving any information designated "Confidential" pursuant to Paragraphs 1 and 2 above may, acting in good faith, notify the other party in writing that it disputes the designation of information or of a document as "Confidential." The parties will make good-faith efforts to resolve any such dispute. The information or document will retain its status as "Confidential" for ten (10) business days after receipt of the written notice of dispute to permit the party seeking confidential status to bring a Motion for Protective Order or other appropriate Motion. On any such Motion, the party seeking that any document be designated "Confidential" will have the burden of establishing the confidentiality of such document(s) under applicable law.

While such a motion is under consideration by the Court, the subject document(s) shall continue to be treated as "Confidential".

### Miscellaneous Provisions

7. Any party seeking to file with the Court information marked "Confidential" shall take all appropriate steps to cause such information to be filed under seal or otherwise not be made part of the public record. All other documents produced in this action shall be filed pursuant to and consistent with all of the Federal Rules of Civil Procedure, the Court's local rules and the individual rules of the judge in this action.

9. Nothing in this Order is a waiver of any other discovery or evidentiary objection.

10. A party who has designated information as "Confidential" pursuant to this Order may not use that designation as a ground or reason for refusing to produce any information or documents in any other matter, including civil or criminal litigation, arbitration, administrative proceedings, or government investigation, regardless of whether such information or documents are sought pursuant to a discovery request, subpoena, request for information or otherwise.

11. The parties agree to be bound by the terms of this Order upon their execution thereof and prior to the endorsement by the Court in this action.

12. This stipulation is subject to modification only upon written agreement of all parties to this lawsuit or upon order of the Court. Any party may seek an order to modify or vacate this Order at any time.

13. Within sixty (60) days after termination of this litigation, including the expiration of all appeal rights, all originals and copies of the parties' information designated "Confidential" must be destroyed by the party that received it and the destroying party must certify that fact to counsel for the party that produced the information if the producing party requests such certification.

DEALY SILBERSTEIN & BRAVERMAN, LLP

By:_____
    Milo Silberstein
*Attorneys for Plaintiff Tarakaa Bertrand*
225 Broadway, Suite 1405
New York, New York 10007
(212) 385-0066

DONAHUE, DURHAM & NOONAN, P.C.

By:_____
    Patrick M. Noonan
*Attorneys for Defendant Yale University*
741 Boston Post Road, Suite 306
Guilford, CT 06427
(203) 458-9168

3

Barbara J. Collins
Law Office of Barbara J. Collins
557 Prospect Avenue, Floor 1
Hartford, CT 06105

Dated:

SO ORDERED:

_____
WARREN EGINTON, U.S.D.J.