UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

```
------------------------------------------------------- x
                                                        :
TARAKAA BERTRAND                                        :       3:15 CV 1128 (WWE)
                                                        :
V.                                                      :
                                                        :
YALE UNIVERSITY                                         :       DATE: MAY 11, 2016
                                                        :
------------------------------------------------------- x
```

RULING ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT TO PRODUCE DOCUMENTS

Plaintiff Tarakaa Bertrand initiated this action against defendant Yale University on July 23, 2015. (Dkt. #1). In her complaint, plaintiff claims that she executed an Employment Agreement ["the Agreement"] on July 9, 2014, to serve as defendant's Head Women's Tennis Coach for five years. (Id. at 2-3). On April 15, 2015, plaintiff claims she received a letter terminating her employment for, inter alia, "alleged inappropriate communications with the members of the team and its assistant coach, violations of secondary NCAA regulations and violation of University policies and procedures." (Id. at 3). Plaintiff contends that the reasons listed in this letter were in fact a "pretextual attempt to manufacture cause when none exists, in order to relieve [defendant] of its obligations under the Agreement." (Id.). The Agreement allows plaintiff to be terminated at any time "For Cause[,]" which the Agreement defines as "a conviction of a felony or of any criminal offense involving theft or fraud; willful participation in any acts of fraud, theft or dishonesty; material violation of any rules of the University, the NCAA, or the Ivy League." (Id. at 2). Plaintiff claims that she did not breach the Agreement and that defendant did not have cause to terminate the contract; accordingly, she has brought this lawsuit alleging breach of contract and breach of the implied covenant of good faith and fair dealing. (Id. at 3-5).

On March 28, 2016, plaintiff filed the pending Motion to Compel Defendant to Produce Documents and brief in support. (Dkts. ##17-18).[1] On April 7, 2016, defendant filed its brief in opposition (Dkt. #19); two weeks later plaintiff filed a reply brief. (Dkt. #20).[2] On April 26, 2016, Senior U.S. District Judge Warren W. Eginton referred the pending motion to this Magistrate Judge. (Dkt. #23; see also Dkts. ##21-22).

For the reasons stated below, plaintiff's Motion to Compel Defendant to Produce Documents (Dkt. #17) is granted.

## I.  DISCUSSION

On or about September 29, 2015, plaintiff served her First Request to Defendant for the Production of Documents ["the Requests"], seeking forty-nine categories of documents. (Dkt. #17, Exh. C; Dkt. #18, Exh. A). At issue in the pending motion is Request No. 25, which seeks "[a]ll documents referring or relating to any secondary violation by a Yale coach or assistant coach of Yale, NCAA and/or the Ivy League rules, during the period of January 1, 2010 through June 30, 2015, and the treatment meted out for each violation." (Dkt. #18, at 2; see also Dkt. #17, Exh. C; Dkt. #18, Exh. A).

---

[1]Attached to plaintiff's motion (Dkt. #17) is an Affirmation in Support of Plaintiff's Motion to Compel Defendant to Produce Documents signed by plaintiff's counsel on March 28, 2016, as well as a copy of plaintiff's Employment Agreement (Exh. A), a copy of the letter terminating her employment, dated April 15, 2015 (Exh. B), and a copy of Plaintiff's First Request to Defendant for the Production of Documents, dated September 29, 2015 (Exh. C).

Attached to plaintiff's brief in support (Dkt. #18) is another copy of her discovery requests. (Exh A).

[2]Attached as Exh. A are copies of correspondence between counsel, dated November 25 and 19, 2015, and an unsigned Confidentiality Stipulation.

In its brief in opposition (Dkt. #19), defendant argues that the requested discovery is irrelevant to plaintiff's claims (at 1-3), and that the requested documents are protected from disclosure by CONN. GEN. STAT. § 31-128f (id. at 3-4).[3]

Under the newly revised Rule 26(b)(1) of the Federal Rules of Civil Procedure,

> [p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

For the purposes of discovery, relevance is viewed broadly so that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351 (1978). Additionally, the party resisting discovery bears the burden of showing why discovery should be denied. Sedona Corp. v. Open Solutions, Inc., 249 F.R.D. 19, 21 (D. Conn. 2008).

A. RELEVANCY

Plaintiff argues that the requested documents are relevant because they "will assist in determining whether [d]efendant's alleged reasons for terminating [p]laintiff constitute 'cause' under the Employment Agreement[.]" (Dkt. #18, at 7; see also Dkt.

---

[3]Plaintiff claims that defendant originally objected to the discovery on the grounds that the request was overbroad, burdensome, not relevant to lead to the discovery of admissible evidence and a violation of the privacy interests of the persons who are not parties in this matter. (Dkt. #18, at 2-3). Defendant's brief in opposition makes no argument that the requested production is overbroad or burdensome, so that the Court will limit its analysis to the contested issues of relevancy and privacy interests.

3

#20, at 2).[4] Defendant counters that "the only issues to be determined are the terms of . . . plaintiff's employment contract and whether the defendant breached those terms when it terminated . . . plaintiff[,]" and that "[w]hether or not other coaches and assistant coaches were terminated for secondary violations of Yale, NCAA, and/or the Ivy League rules is irrelevant to those issues." (Dkt. #19, at 2). Defendant concedes that "[t]hese documents might be relevant in a discrimination action," but highlights that there is no discrimination claim in this case. (Id.). Defendant also argues that plaintiff's reliance on Ferguson v. TD Bank, N.A., 268 F.R.D. 153, 159 (D. Conn. 2010), is misplaced because, unlike in the current case, the "plaintiff in Ferguson asserted a claim for disparate treatment." (Id. at 2-3).

Under the newly revised Rule 26(b)(1), the Court must consider, inter alia, "the importance of the discovery in resolving the issues[.]" As previously indicated, relevance in discovery is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer, 437 U.S. at 351. When considered under this expansive standard, plaintiff's requested discovery is relevant to her claims. While defendant is correct that comparative evidence is often sought in connection with a claim of disparate treatment, here, the evidence sought by plaintiff is relevant to interpreting plaintiff's contractual agreement with defendant. Plaintiff's employment agreement defines a termination for cause as

---

[4]In plaintiff's reply brief, she also argues that the documents are relevant to whether defendant acted in good faith when terminating plaintiff. (Dkt. #20, at 2). However, because "new arguments may not be made in a reply brief[,]" Ernst Haas Studio, Inc. v. Palm Press, Inc., 164 F.3d 110, 112 (2d Cir. 1999)(citation omitted), the Court will limit its analysis to whether the documents are relevant to determine if plaintiff was terminated for cause. See also D. Conn. L. Civ. R. 7(d)("[Reply briefs] must be strictly confined to a discussion of matters raised by the responsive brief[.]").

involving "a conviction of a felony or of any criminal offense involving theft or fraud; willful participation in any acts of fraud, theft or dishonesty; <u>material violation</u> of any rules of the University, the NCAA, or the Ivy League." (Dkt. #17, Exh. A; Dkt. #18, at 2)(emphasis added). The Agreement does not define what behavior will be considered a "material violation" (Dkt. #17, Exh. A) and information regarding similar violations committed by other coaches at the school, and the school's response to these violations, is relevant to determine if plaintiff's behavior rose to the level of a "material violation." <u>See Chamberlain v. Farmington Sav. Bank</u>, 247 F.R.D. 288, 292 (D. Conn. 2007)("[T]he Court is mindful that a plaintiff who must shoulder the burden of proving that the reasons given for his discharge are pretextual should not normally be denied the information necessary to establish that claim.")(internal citations & quotations omitted); <u>see also Trilegiant Corp. v. Sitel Corp.</u>, 272 F.R.D. 360, 364-65 (S.D.N.Y. 2010)(finding that information regarding other contracts, statements of work, and manuals utilized in transactions with other contractors was relevant since it could further the interpretation of the parties' contract); <u>Robinson v. Coastal Family Health Center, Inc.</u>, 756 F. Supp. 958, 963 (S.D. Miss. 1990)(finding that the nature and basis for termination of other employees was relevant to plaintiff's claim of wrongful termination because "it would provide [plaintiff] with information regarding [defendant's] understanding of its obligations" regarding plaintiff's employment). Therefore, the requested information is relevant to determining whether plaintiff was terminated for cause under the Agreement.

### B. CONN. GEN. STAT. § 31-128f

Defendant also claims that the requested documents are protected from disclosure by CONN. GEN. STAT. § 31-128f (Dkt. #19, at 3), in response to which plaintiff argues that the requested production falls under an exception to the statute. (Dkt. #20, at 2-4).

As a general rule, § 31-128f provides that "[n]o individually identifiable information contained in the personnel file . . . of an employee shall be disclosed without the written authorization of such employee[.]" However, the statute also permits a number of exceptions to this rule, including when the information is disclosed "pursuant to a lawfully issued administrative summons or judicial order[.]" CONN. GEN. STAT. § 31-128f.

While defendant is correct that the Requests seek production of documents from employees' personnel files that would normally be protected under this statute, "[j]udges in this District have repeatedly recognized that when personnel information . . . is necessary and relevant to a case, a court may order limited disclosure of that information consistent with the dictates of § 31-128f." Gibbs v. Am. Sch. for the Deaf, No. 05 CV 560 (MRK), 2007 WL 1079992, *1 (D. Conn. 2007), citing Cost Mgmt. Incentives, Inc. v. Theradex Sys., Inc., No. 06 CV 203 (PCD), 2007 WL 906165 (D. Conn. Mar. 21, 2007); Ruran v. Beth El Temple of W. Hartford, Inc., 226 F.R.D. 165, 169 (D. Conn. 2005); Culkin v. Pitney Bowes, Inc., 225 F.R.D. 69, 73 (D. Conn. 2004). Therefore, the Court hereby orders the production of these documents, thus satisfying an exception to § 31-128f of the Connecticut General Statutes.

However, if defendant so wishes, it may redact the name(s) of any coach or assistant coach for whom portions of the personnel file(s) are being produced, or, as an

alternative, may submit the unredacted relevant portions of the personnel file(s) to this Magistrate Judge's Chambers for her in camera review.   Defendant shall comply **on or before June 10, 2016**.

## V. CONCLUSION

For the reasons stated above, plaintiff's Motion to Compel Defendant to Produce Documents (Dkt. #17) is granted to the extent set forth above.

This is not a Recommended Ruling, but a ruling on a non-dispositive motion, the standard of review of which is specified in 28 U.S.C. § 636; FED. R. CIV. P. 6(a) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

See 28 U.S.C. § 636(b)**(written objections to ruling must be filed within fourteen calendar days after service of same);** FED. R. CIV. P. 6(a) & 72; Rule 72.2 of the Local Rules for United States Magistrate Judges, United States District Court for the District of Connecticut; Small v. Secretary, H&HS, 892 F.2d. 15, 16 (2d Cir. 1989)**(failure to file timely objection to Magistrate Judge's recommended ruling may preclude further appeal to Second Circuit).**

Dated this 11th day of May, 2016 at New Haven, Connecticut.[5]

                    /s/ Joan G. Margolis
                    Joan Glazer Margolis
                    United States Magistrate Judge

---

[5] If any counsel believes that a settlement conference before this Magistrate Judge would be productive, he or she may contact Chambers accordingly.